# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

UNITED STATES OF AMERICA,

               Plaintiff,     :     Case No. 1:13-cr-108
                                           Also 1:16-cv-354

                                           District Judge Susan J. Dlott
   - vs -                                Magistrate Judge Michael R. Merz
BERNARDO OLIVARES-CEPEDA,


               Defendant.     :

## REPORT AND RECOMMENDATIONS

      This case is before the Court on Motion to Vacate, Set Aside, or Correct a Sentence, pursuant to 28 U.S.C. §2255 of Bernardo Defendant Olivares-Cepeda (ECF No. 156).  On the Court's order for Answer (ECF No. 158), the United States has moved to dismiss the Motionto Vacate on grounds it does not state claims for relief cognizable under § 2255 (ECF No. 160).  Defendant opposes the Motion (ECF No. 162).

      Defendant pleads the following Grounds for Relief:

      1) Ineffective Assistance of Counsel during the plea process rendering the Plea Agreement and appeal waiver involuntary and unknowing.

      2): Ineffective Assistance of Counsel for:

      a) Lack of understanding of the law related to conspiracy.

1

> b) Lack of pre-trial investigation causing counsel to rely on false facts.
>
> 3). Ineffective Assistance of Counsel for failing to consult with petitioner when the Court offered the option to withdraw his plea agreement and go to trial.

(Motion, ECF No. 156, PageID 836.)

The Rule 12 of Rules Governing § 2255 Motions provides that, unless inconsistent with those Rules or the statutes, the Federal Rules of Civil Procedure may be applied to proceedings under 28 U.S.C. § 2255.  A motion to dismiss of the type filed by the United States parallels relief that can be sought under Fed. R. Civ. P. 12(b)(6), i.e., dismissal for failure to state a claim upon which relief can be granted or dismissal because of a dispositive affirmative defense available on the fact of the record.  The Court finds it appropriate to apply Fed. R. Civ. P. 12(b)(6) in these proceedings.

The Government's Motion asserts the § 2255 Motion should be dismissed "for claims not cognizable on collateral review or, alternatively, that have been procedurally barred from collateral review."  (ECF No. 160, PageID 881).  The latter portion of this claim raises the affirmative defense of procedural default which can sometimes be adjudicated on the face of the record.

The Sixth Amendment to the United States Constitution guarantees criminal defendants the effective assistance of counsel.  *Strickland v. Washington*, 466 U.S. 668 (1984).  Therefore a claim that counsel provided ineffective assistance state a claim under the Constitution on which relief can be granted under § 2255.  All of Defendant's claims on their face assert ineffective assistance of trial counsel.  Therefore the Government's claim that they are not cognizable is not well taken.

The Government's assertion of procedural default is also not well taken, at least on the current state of the record. The procedural default analysis of *Wainwright v. Sykes* and its progeny is fully applicable to § 2255 motions. *United States v. Frady*, 456 U.S. 152 (1982); *Kaufman v. United States*, 394 U.S. 217 (1969); *Ratliff v. United States*, 999 F.2d 1023 (6th Cir. 1993). However, in the federal courts, ineffective assistance of counsel claims may be brought in § 2255 proceedings even if they could have been brought on direct appeal. An ineffective assistance of counsel claim should be brought in a § 2255 motion, rather than on direct appeal. *Griffin v. United States*, 330 F.3d 733, 737 (6th Cir. 2006). Procedural default doctrine does not bar the 2255 motion even if the issue could have been raised on direct appeal. *Massaro v. United States*, 538 U.S. 500 (2003); *United States v. Neuhausser*, 241 F.3d 460 (6th Cir. 2001); *United States v. Fortson,* 194 F.3d 730, 736 (6th Cir. 1999).

Because Defendant has pled cognizable claims of ineffective assistance of trial counsel and because such claims are not barred by procedural default for failure to raise them on direct appeal, the Government's Motion to Dismiss should be DENIED.

April 26, 2016.

s/ *Michael R. Merz*<br>United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such

portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).