# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

UNITED STATES OF AMERICA,

     Plaintiff,  :  Case No. 1:13-cr-108 (2)
           Also 1:16-cv-354

           District Judge Susan J. Dlott
 - vs -        Magistrate Judge Michael R. Merz
BERNARDO OLIVARES-CEPEDA,

     Defendant. :

## ORDER ADOPTING REPORT AND RECOMMENDATIONS

  This case is before the Court on Defendant's Objections (ECF No. 171) to the Magistrate Judge's Report and Recommendations recommending the Motion to Vacate be dismissed with prejudice ("Report," ECF No. 170).  As required by Fed. R. Civ. P. 72(b)(3), the Court reviews the issues raised by the Objections de novo.

  The Magistrate Judge decided the case without a reply from Defendant to the Government's Answer because Defendant had been reminded of the deadline for a reply and had not filed one (Report, ECF No. 170, PageID 910).  Defendant's first objection is that he "never received [nor] am I aware of the existence of any government response to which I would reply." (Objections, ECF No. 171, PageID 910).  He now seeks a copy of the Answer and "the opportunity to reply to it." *Id.*

The docket contradicts Defendant's claim on this point.  The Magistrate Judge ordered the United States to answer not later than October 10, 2016 (ECF No. 165).  When the Answer was filed, Magistrate Judge Merz reminded Defendant of his time to reply (ECF No. 167).  Two weeks later, Defendant asked the Court to ignore the Answer because it was late (ECF No. 168). Magistrate Judge Merz denied that request and again reminded Defendant that the due date for his reply was October 28, 2016.  Both of these Orders were mailed by the Clerk to the Defendant.  Never, until he filed his Objections on November 29, 2016, did Defendant claim he had not received the Answer.  His claim now that he did not even know about it is not credible.

The bulk of Defendant's Objections is devoted to restating his claim that his plea was not knowing, intelligent, and voluntary because he received ineffective assistance of trial counsel. On direct appeal he made the substantive claim that the plea was invalid and the Sixth Circuit rejected that claim, relying on Supreme Court precedent that has been firmly in place for more than forty years.  The court reviewed the totality of the circumstances leading to a finding the guilty plea was valid:

> During the plea hearing, the district court, substantially complying with Rule 11, advised Olivares-Cepeda that any false statement made while under oath could subject him to prosecution "for perjury or making a false statement." Olivares-Cepeda stated that he understood. See Fed. R. Crim. P. 11(b)(1)(A). The district court advised Olivares-Cepeda of his right to proceed with his not-guilty plea, of the constitutional rights that he would be waiving by pleading guilty, and of the consequences of his guilty plea such as the loss of "valuable civil rights." See Fed. R. Crim. P. 11(b)(1)(B)-(F). Olivares-Cepeda expressed his understanding.
>
> The government set forth the charge to which Olivares-Cepeda was pleading guilty, and the district court advised Olivares-Cepeda of the mandatory minimum and maximum penalties that could be imposed, including imprisonment, supervised release, fine, and special assessment.

Olivares-Cepeda stated that he understood the charged crime and its penalties. See Fed. R. Crim. P. 11(b)(1)(G)-(I), (L). The district court informed Olivares-Cepeda that the government "may proceed with forfeiture proceedings with respect to [his] property," and Olivares-Cepeda stated that he understood. See Fed. R. Crim. P. 11(b)(1)(J). The district court explained how the advisory sentencing guidelines play a role in sentencing and how Olivares-Cepeda's sentence would be calculated. Olivares-Cepeda stated that he understood. See Fed. R. Crim. P. 11(b)(1)(M). The district court reviewed the appeal-waiver provision in the plea agreement, and Olivares-Cepeda stated that he understood it. See Fed. R. Crim. P. 11(b)(1)(N). The district court also inquired as to Olivares-Cepeda's citizenship, and Olivares-Cepeda informed the district court that he is a naturalized United States citizen. See Fed. R. Crim. P. 11(b)(1)(O).

Olivares-Cepeda confirmed that he had ample time to discuss his case and his decision to plead guilty with his attorney and was satisfied with counsel's advice. He stated that he was not under the influence of any drugs or medication that would affect his ability to understand the plea proceedings. Olivares-Cepeda also stated that his guilty plea was voluntary and not the result of any threats, promises other than those in his plea agreement, or mental or physical coercion. See Fed. R. Crim. P. 11(b)(2). The government set forth the elements of the charged offense that it would be required to prove beyond a reasonable doubt to a jury if the case were to proceed to trial, and Olivares-Cepeda agreed that he was guilty of each element set forth by the government. The government also placed on the record the parties' agreed-upon factual basis supporting the guilty plea through the testimony of Special Agent Baker. Olivares-Cepeda agreed that the factual basis was correct. See Fed. R. Crim. P. 11(b)(3).

Olivares-Cepeda did not raise any objections concerning the plea proceedings before the district court, and there is no indication that his substantial rights were affected by the district court's failure to address restitution. *United States v. Dominguez Benitez,* 542 U.S. 74, 76 (2004); *United States v. Banks,* 467 F. App'x 468, 472-73 (6th Cir. 2012). Thus, under the totality of the circumstances, the

>record reflects a valid guilty plea. See Brady, 397 U.S. at 748-49;
>*Boykin*, 395 U.S. at 242-44.

*United States v. Olivares-Cepeda*, Case No. 14-3701 (6th Cir. Apr. 10, 2015)(unreported; copy at ECF No. 151).

The substance of Defendant's argument is that all of the things he said under oath in the District Court and that the Court of Appeals found were adequate proof that the plea was valid were in fact lies. He now claims he was "strong armed into pleading guilty to the charges by my attorney and government." (Objections, ECF No. 171, PageID 920).

The people of the United States, represented by the United States Attorney in criminal proceedings, have a strong interest in the finality of criminal convictions. To protect that interest, the Federal Rules of Criminal Procedure and the case precedent from the Supreme Court require taking great care with a guilty plea. But when that care has been taken, as it was here, a defendant cannot obtain a second bite at the apple by repudiating what he has sworn to under oath, including that he is satisfied with the representation he received.

Accordingly, the Report and Recommendations are ADOPTED and Defendant's Motion to Vacate (ECF No. 156) is DISMISSED WITH PREJUDICE. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

November_30, 2016.

>__s/Susan J. Dlott_____
>Susan J. Dlott
>United States District Judge

4