# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

UNITED STATES OF AMERICA,

          Plaintiff,      :      Case No. 1:13-cr-108
                                                Also 1:16-cv-354

                                                District Judge Susan J. Dlott

  -  vs  -
                                                  Magistrate Judge Michael R. Merz

BERNARDO OLIVARES-CEPEDA,

          Defendant.      :

# REPORT AND RECOMMENDATIONS ON MOTION FOR LEAVE TO APPEAL *IN FORMA PAUPERIS*

This case is before the Court on Motion for Leave to Appeal *in forma pauperis* by Defendant Bernardo Olivares-Cepeda (ECF No. 176). While a Magistrate Judge can grant a motion to proceed *in forma pauperis*, she or he can only recommend denial of such a motion. *Woods v. Dahlberg*, 894 F.2d 187 (6th Cir. 1990)(*per curiam*).

Defendant filed a Motion to Vacate under 28 U.S.C. § 2255 on March 3, 2016 (ECF No. 156). On November 8, 2016, the undersigned recommended that the Motion be denied with prejudice and that "because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*." (Report and Recommendations, ECF No. 170.) Defendant objected (ECF

1

No. 171), but Judge Dlott overruled the Objections, adopted the Report, and dismissed the Motion to Vacate with prejudice on November 30, 2016 (ECF No. 172).

Olivares-Cepeda claims the dismissal order was never served on him and that he learned of it by having a friend who has an acquaintance who has a PACER account access the docket. The Motion is accompanied by an Affidavit of Eugene Mathison who avers he accessed the docket through PACER, learned of the dismissal, and advised Olivares-Cepeda (ECF No. 175, PageID 939).

Because the Order dismissing the case was filed on November 30, 2016, Defendant's time to file a notice of appeal to the Sixth Circuit expired sixty days later on January 29, 2017, pursuant to Fed. R. App. P. 4(a)(1)(B).  Defendant did not file his Notice of Appeal until June 19, 2017 (ECF No. 175).[1]  Thus the Notice of Appeal is untimely and the Sixth Circuit will not have jurisdiction of the appeal.

Under Fed. R. App. P 4(a)(6), a district court can reopen the time to appeal if a motion for that relief is filed within 180 days after the order is entered.  However, that time expired May 29, 2017, so even completely crediting Defendant's explanation of when he learned of the Order, his Notice of Appeal is untimely.

The Magistrate Judge had already recommended certifying to the Court of Appeals that any appeal should not be permitted to proceed *in forma pauperis* because it would be objectively frivolous (Report, ECF No. 170).  The District Court has already adopted that recommendation (ECF No. 172).  It is respectfully recommended that the Court also deny the instant Motion to Appeal *in forma pauperis* because the Notice of Appeals is untimely.  A certificate of

---

[1] ECF Nos. 175 and 176 are duplicates.

appealability has also already been denied.

June 20, 2017.

s/ *Michael R. Merz*<br>United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. .Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).