# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

UNITED STATES OF AMERICA,

                  Plaintiff,       :       Case No. 1:13-cr-108

                                     District Judge Susan J. Dlott
- vs -                                   Magistrate Judge Michael R. Merz

BERNARDO OLIVARES-CEPEDA,

                  Defendant.       :

## ORDER ADOPTING REPORT AND RECOMMENDATIONS ON MOTION TO APPEAL

      This proceeding under 28 U.S.C. § 2255 is before the Court on Defendant's Objections (ECF No. 179) to the Magistrate Judge's Report and Recommendations ("Report," ECF No. 177) recommending that the Court deny Defendant's Motion for Leave to Appeal *in forma pauperis* (ECF No. 176). As required by Fed. R. Civ. P. 72(b), the Court reviews the Report de novo.

      This Court denied Defendant's § 2255 application on November 30, 2016, and Defendant did not file his Notice of Appeal until June 19, 2017 (ECF No. 175), well after the sixty-day time limit provided in Fed. R. App. P. 4(a)(1)(B). The Report also notes that the Notice was filed after the 180-day period when Fed. R. App. P. 4(a)(6) permits a district court to reopen the time to appeal (ECF No. 177, PageID 945).

1

Defendant objects that the Court could just reopen the judgment so as to re-start his time to appeal, relying on *Hill v. Hawes*, 320 U.S. 520 (1944), and *Washington v. Ryan*, 833 F.3d 1087 (9th Cir. 2016). In Ryan the Ninth Circuit allowed use of Fed. R. Civ. P. 60 to reopen a judgment to allow an appeal, except where the reason for untimeliness was lack of the notice required by Fed. R. Civ. P. 77. In those cases, the court found, Fed. R. App. P. 4(a) is jurisdictional and the district court cannot allow an untimely appeal beyond the 180 days provided in that Rule. 833 F.3d at 1094. The Ninth Circuit noted that its sister circuits agreed. *Id.*, citing *See Zimmer St. Louis, Inc. v. Zimmer Co.*, 32 F.3d 357, 361 (8th Cir. 1994) ("[T]he plain language of both Fed. R. App. P. 4(a)(6) and Fed. R. Civ. P. 77(d) addresses specifically the problem of lack of notice of a final judgment."); *see also Vencor Hosps., Inc. v. Standard Life & Accident Ins. Co.*, 279 F.3d 1306, 1311 (11th Cir. 2002) (same); *Clark v. Lavallie*, 204 F.3d 1038, 1041 (10th Cir. 2000) (same). Because of amendments to the Federal Rules of Appellate Procedure, *Hill v. Hawes* no longer provides authority to reopen the time for appeal in this case.

In dismissing the § 2255 Motion, the Court found that any appeal on the merits would be objectively frivolous (Order, ECF No. 172, PageID 927). That conclusion is strengthened by the fact that the appeal is untimely. According, the Report is ADOPTED and the Motion for Leave to Appeal *in forma pauperis* is DENIED.

July 20, 2017.

_____
Susan J. Dlott
United States District Judge

2