# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

UNITED STATES OF AMERICA,

        Plaintiff,    :    Case No. 1:13-cr-108

                District Judge Susan J. Dlott
- vs -                Magistrate Judge Michael R. Merz

BERNARDO OLIVARES-CEPEDA,

        Defendant.    :

## DECISION AND ORDER DENYING MOTION FOR RECONSIDERATION

On July 20, 2017, the Court overruled Defendant's Motion for Leave to Appeal *in forma pauperis*, concluding that because the Notice of Appeal was untimely, the Sixth Circuit lacked jurisdiction of an appeal (ECF No. 180). This was in addition to the Court's prior conclusion that any appeal would be objectively frivolous, made in conjunction with the Order dismissing Defendant's § 2255 Motion to Vacate (ECF No. 172). Defendant has now moved for reconsideration under Fed. R. Civ. P. 59(e)(ECF No. 181).

A district court may alter a judgment under Rule 59 based on (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice. *Nolfi v. Ohio Ky. Oil Corp.*, 675 F.3d 538, 551-52 (6th Cir. 2011), quoting

1

*Leisure Caviar, LLC v. United States Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010). *Gencorp, Inc. v. American Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999).

Defendant's claims a clear error of law. He writes "[w]ith no disrespect intended, denying Movant the opportunity to appeal the denial of his Motion when he did not receive notice of the Court's decision is ludicrous and a violation of the Due Process Clause of the Fifth Amendment." (Motion, ECF No. 181, PageID 961.) The Court does not see any disrespect in the Motion, but also finds no error of law in its prior Order.

The Order to which the Motion is directed (ECF No. 180) technically denies leave to appeal *in forma pauperis* but it was premised on the conclusion that the Court of Appeals does not have jurisdiction over an appeal that is as untimely as Defendant's It is not a denial of due process to put a time limit on appeals even if the Court does not send the required notice under Fed. R. Civ. P. 77. This Court believes that is the correct interpretation of the Federal Rules of Appellate Procedure.

The Sixth Circuit can disagree with any of this Court's conclusions, including whether Defendant should be allowed to proceed *in forma pauperis*. The Court of Appeals already has Defendant's Notice of Appeal and has opened an appellate case, Case No. 17-3648. The Court has already "forwarded" the Notice of Appeal and the Sixth Circuit has full access to the record in this Court. The Defendant should apply to the Court of Appeals for any further relief he seeks in this case.

Defendant's Motion for Reconsideration is DENIED.

August 17, 2017.

/s/ Susan J. Dlott
Susan J. Dlott
United States District Judge